UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: SEP 1 8 2014
```

Charles Hack,

                      Plaintiff,

            —v—

Robert Stang,

                      Defendant.

13-cv-5713 (AJN)

MEMORANDUM &
ORDER

ALISON J. NATHAN, District Judge:

Plaintiff Charles Hack brings this action to recover on a promissory note issued to

Defendant Robert Stang.  Defendant, who is a resident of Oregon, has moved to dismiss the

action for lack of personal jurisdiction, or, in the alternative, to transfer it to the District of New

Jersey.  For the reasons that follow, both requests are denied.

I.      **Background**

The following facts are taken from the pleadings[1] and other submissions of the parties.

See Mantello v. Hall, 947 F. Supp. 92, 95 (S.D.N.Y. 1996) ("Because a motion to dismiss based

on lack of personal jurisdiction is 'inherently a matter requiring the resolution of factual issues

outside of the pleadings . . . all pertinent documentation submitted by the parties may be

considered in deciding the motion.'") (quoting Pilates, Inc. v. Pilates Inst., Inc., 891 F. Supp.

175, 178 n.2 (S.D.N.Y. 1995)).  Because the parties have not requested an evidentiary hearing

---

[1] Due to the procedural posture of this case, the initial pleading takes the form of a Motion for Summary Judgment in Lieu of Complaint, and is accompanied by the underlying Promissory Note ("Note").  See Dkt. No. 1.  The Court exercises its discretion to "deem the moving . . . paper[] already submitted to be the complaint." Com/Tech Comm'cn Techs., Inc. v. Wireless Data Sys., Inc., 163 F.3d 149, 151 (2d Cir. 1998).

and the motion is being decided without one, the Court resolves all disputes in Plaintiff's favor. *See Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 86 (2d Cir. 2013).

### A. Factual Background

Plaintiff Charles Hack is a resident of New York, and Defendant Robert Stang is a resident of Oregon. *See* Hack Aff. Summ. Judg. ¶¶ 2, 4. Prior to 2000, Mr. Stang resided in New York, and he continues to own a co-op studio apartment in New York City. Stang Reply Decl. ¶¶ 3-4. From 1977 until June 1990, Mr. Stang "was a partner and President of a well-known real estate development and management company" in New York, and he continues to hold a New York real estate broker's license and maintain an office in New York. Hack Decl. ¶¶ 13, 16. Mr. Stang has been involved in three lawsuits in New York: a 1995 suit related to his real estate business, and two matrimonial suits (dating from 1998 and 2000) against his former wife. Stang Reply Decl. ¶ 7.

Mr. Stang's business relationship with Mr. Hack began during Mr. Stang's time in New York and continued after his move away from the state. *See* Hack Decl. ¶¶ 6-10. For example, at some point after 2002, the parties met in New York City to discuss Mr. Hack's buying out Mr. Stang's interest in a "real estate venture in Westchester County." Hack Decl. ¶ 10. Recently, in 2012, Mr. Stang sold to Mr. Hack a 49.9% interest in ReNewal Willingboro, LLC ("Willingboro"), an entity owning property in Willingboro, New Jersey. Stang Decl. ¶ 3.

In 2012, at around the same time that the Willingboro deal was being negotiated, Mr. Stang discussed borrowing $150,000, payable over four years, from Mr. Hack during a series of meetings in New York. *See* Stang Decl. ¶¶ 4-5; *see also* Hack Decl. ¶ 21. In June 2012, Mr. Hack called Mr. Stang to offer to loan him $100,000, and on June 28, 2012, the parties executed a promissory note for that amount, payable in one year. *See* Hack Aff. Summ. Judg. ¶ 5, Ex. A.

Mr. Stang was in Oregon when the agreement was reached, and he signed the note in Oregon. Stang Decl. ¶ 4.  The top of the note states, "New York, New York," and the payments are directed to be made to Mr. Hack at his New York address.  *See* Hack Aff. Summ. Judg., Ex. A.

### B.  Procedural History

Mr. Hack commenced this action in New York State court on July 18, 2013, alleging that Mr. Stang had failed to make payments due under the note.  *See* Hack Aff. Summ. Judg. Pursuant to CPLR § 3213, the action was brought as a "motion for summary judgment in lieu of complaint."  *See* Dkt. No. 1.  On August 18, 2013, the action was removed to this Court on the basis of diversity.  *See id.*  Mr. Stang filed this motion on November 27, 2013, Dkt. No. 15, with supplemental briefing following the Supreme Court's decision in *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), *see* Dkt. No. 26.

Meanwhile, two other lawsuits were instigated between the parties.  First, Mr. Stang filed suit against Mr. Hack in the District of New Jersey, alleging that Mr. Hack had breached agreements related to the Willingboro transaction.  *See* Stang Decl. ¶ 11.  Second, Mr. Hack filed a suit against Mr. Stang, seeking to recover on a separate promissory note, which is also pending before this Court.

### II. Personal Jurisdiction

Defendant moves to dismiss for lack of personal jurisdiction.  Plaintiff counters that Defendant has waived the defense of lack of personal jurisdiction by failing to raise the issue prior to this point, and that, in any event, personal jurisdiction is proper under N.Y. CPLR §§ 301 and 302(a)(1).  For the reasons that follow, the Court finds that the defense has not been waived, but that jurisdiction is proper under CPLR § 302(a)(1).  Accordingly, Defendant's motion is denied.

**A. Waiver**

As a preliminary matter, the Court addresses Plaintiff's argument that Defendant has waived the defense of lack of personal jurisdiction by failing to raise the issue in the joint letter and proposed case management plan submitted to the Court in advance of the initial pretrial conference, or during the conference itself. *See* Pl. Opp. 11-12. For the reasons that follow, the Court concludes that the defense has not been waived.

The defense of lack of personal jurisdiction may be waived in two ways. First, it may be waived by failure to meet the formal requirements of Federal Rule of Civil Procedure 12(h)(1). Under that rule, the defense is waived if it is not raised in the defendant's first Rule 12 motion, or "include[d] . . . in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." It is undisputed that Defendant has complied with the strictures of Rule 12(h)(1) by asserting the defense in the motion under consideration, his first defensive motion.

Second, "a 'delay in challenging personal jurisdiction by motion to dismiss' may result in waiver," even where the requirements of Rule 12(h)(1) are otherwise met. *Hamilton v. Atlas Turner Inc.*, 197 F.3d 58, 60 (2d Cir. 1999) (quoting *Datskow v. Teledyne, Inc.*, 899 F.2d 1298, 1303 (2d Cir. 1990)); *see also Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318 (9th Cir. 1998) ("Rule 12(h)(1) specifies the minimum steps that a party must take in order to preserve a defense"). In *Hamilton*, for example, the Second Circuit found that the Canadian defendant had waived its right to challenge personal jurisdiction by failing to move for dismissal on that basis in four years of pretrial proceedings, during which time the case had been transferred to and then back from the Eastern District of Pennsylvania by the Multidistrict Litigation Panel, notwithstanding the fact that the defendant had included the defense of lack of personal jurisdiction in its answer. *See* 197 F.3d at 61-62, 60. Invoking this rule, Plaintiff argues that

4

Defendant has waived any challenge to personal jurisdiction by failing to raise the issue in his

November 1, 2013, submissions to the Court; the November 8, 2013, pretrial conference; or the

November 22, 2013, stipulation regarding the briefing of this motion. *See* Pl. Opp. 11-12.

      The Court disagrees and concludes that there has not been such "a delay in challenging

personal jurisdiction by motion to dismiss" as to result in waiver of the defense. *Hamilton*, 197

F.3d at 62. Significantly, no lengthy "delay" was occasioned by Defendant's failure to raise the

issue of personal jurisdiction in his pre-motion submissions to the Court or during the initial

pretrial conference: less than one month elapsed between the November 1, 2013, filing of the

parties' first joint letter, and the November 25, 2013, filing of the instant motion to dismiss. *See*

Dkt. Nos. 6, 11. Waiver is more appropriate in cases in which the defense is not raised for

months or even years. *Cf. Datskow*, 899 F.2d at 1303 (finding defense of defective service

waived due to four-month-long delay in raising issue); *Hamilton*, 197 F.3d at 62 (finding defense

of personal jurisdiction waived where defendant "participated in pretrial proceedings but never

moved to dismiss for lack of personal jurisdiction despite several clear opportunities to do so

during the four-year interval after filing its answer"); *Continental Bank, N.A. v. Meyer*, 10 F.3d

1293, 1297 (7th Cir. 1993) (finding defense waived where "defendants fully participated in the

litigation of the merits for over two-and-a-half years without actively contesting personal

jurisdiction"). Moreover, the Second Circuit has expressly indicated that courts should "be

slower to find waiver by a defendant wishing to contest whether it [is] obliged to defend in a

distant court"—which is exactly the circumstance presented here. *Datskow*, 899 F.2d at 1303.

Nor has Plaintiff otherwise pointed to any prejudice resulting from Defendant's (short) delay in

raising the issue. *Cf. id.* (noting that the alleged defect in process "could have been readily cured

during the limitations period if defendant had promptly complained"). Under these

circumstances, the Court finds that the defense of lack of personal jurisdiction has not been waived and considers it on its merits.

### B. Legal Standard

When faced with a motion to dismiss for lack of personal jurisdiction, "[t]he plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001). To meet this burden, "a plaintiff must make a *prima facie* showing that jurisdiction exists," *LaChapelle v. Torres*, -- F. Supp. 2d --, No. 12-cv-9362 (AJN), 2014 WL 805955, at *1 (S.D.N.Y. Feb. 28, 2014) (citing *Licci v. Lebanese Canadian Bank*, 732 F.3d 161, 168 (2d Cir. 2013) ("*Licci IV*")), which he may do by setting forth "an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant," *Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012) ("*Licci II*"). A *prima facie* case for personal jurisdiction has three elements: (1) "the plaintiff's service of process upon the defendant must have been procedurally proper," (2) "there must be a statutory basis for personal jurisdiction that renders such service of process effective," and (3) "the exercise of personal jurisdiction must comport with constitutional due process principles." *Licci II*, 673 F.3d at 59-60. In this context, the Court must construe the submissions in the light most favorable to the plaintiff and resolve any doubts in favor of jurisdiction, but is not required to "draw argumentative inferences in the plaintiff's favor" or "accept as true a legal conclusion couched as a factual allegation." *Id.* at 59 (internal citations omitted).

### C. CPLR § 302(a)(1)

Because Defendant contests neither the procedural propriety of service, nor the constitutionality of the exercise of personal jurisdiction over him, the Court focuses upon the remaining element of the *prima facie* case: whether there is "a statutory basis for personal

jurisdiction." *Licci II*, 673 F.3d at 59-60. Because Plaintiff's assertion of personal jurisdiction is based upon Federal Rule of Civil Procedure 4(k)(1)(A), *see* Pl. Opp. 4, which provides for the exercise of "personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located," the Court looks to the law of the forum state, New York, to determine whether it may exercise personal jurisdiction over Defendant. Here, Plaintiff argues that Defendant is subject to specific personal jurisdiction under the New York long-arm statute CPLR § 302(a)(1). *See* Pl. Opp. 7-10.

Section 302(a)(1) provides for the exercise of personal jurisdiction if (1) the defendant transacts business in New York, and (2) the cause of action arises from such business transaction. *Licci v. Lebanese Canadian Bank*, 20 N.Y.3d 327, 334 (2012) ("*Licci III*"). It is undisputed that the instant suit arises from the promissory note. Rather, the parties' principal dispute is whether Defendant "transacted business" in New York in relation to that note within the meaning of § 302(a)(1). In determining what constitutes the "transaction of business" for purposes of § 302(a)(1), the New York Court of Appeals "ha[s] been guided . . . by U.S. Supreme Court opinions delineating proper bases for personal jurisdiction under the Federal Due Process Clause." *Ehrenfeld v. Bin Mahfouz*, 9 N.Y.3d 501, 508 (2007). Thus, "[t]he overriding criterion necessary to establish a transaction of business is some act by which the defendant purposefully avails himself of the privilege of conducting activities within [New York]." *Id.* (alterations in original, quotation marks omitted). Accordingly, "[w]hen a defendant engages in purposeful activity in New York" that is of a sufficient quality, "personal jurisdiction is proper because it has 'invok[ed] the benefits and protections of [New York] laws." *Id.* (quoting *George Reiner & Co. v. Schwartz*, 41 N.Y.2d 648, 652 (1977) (second alteration in original). However, "[n]ot all purposeful activity . . . constitutes a 'transaction of business' within the meaning of

[CPLR § 301(a)(2)]." *Fischbarg v. Doucet*, 9 N.Y.3d 375, 380 (2007).  While New York courts have not delineated the outer boundaries of "transacting business" jurisdiction, they have emphasized that it is the nature and extent or "quality of the defendant's New York contacts that is the primary consideration." *Id.*

In this case, it is undisputed that, at some point in 2012, Defendant sought out Plaintiff, a New York resident, in order to request a loan of $150,000, during a meeting that took place in New York.  *See* Stang Decl. ¶ 5 (Defendant's testimony that he and Plaintiff "had [a] conversation in New York" regarding a $150,000 loan); Hack Decl. ¶¶ 21-22 (alleging that, when Defendant "was in New York . . . he asked [Plaintiff] to lend him money").  Plaintiff further alleges that the two discussed the loan during several meetings at his Manhattan office, and two meals at a nearby Manhattan restaurant.  Hack Decl. ¶ 22.  Defendant counters that the $150,000 loan discussed during those meetings in New York is distinct from the $100,000 loan at issue in this case.  *See* Def. Mem. 2 (arguing that "[w]hile Mr. Stang and plaintiff did have a conversation in New York about plaintiff lending Mr. Stang $150,000 over four years, that is not the loan that Mr. Stang agreed to make").  However, these contentions raise only a dispute of fact regarding the characterization of the meetings in New York and the loan at issue in this case, which the Court is obligated to "resolv[e] . . . in the plaintiff['s] favor." *Licci II*, 673 F.3d at 59. Accordingly, for purposes of resolving this motion, the Court accepts as true Plaintiff's allegations that the loan at issue in this case was initially requested by Defendant in New York, and was further negotiated over the course of several meetings in New York.

Construing the submissions in the light most favorable to Plaintiff and resolving all doubts in favor of jurisdiction, *see Licci II*, 673 F.3d at 59, the Court finds that the alleged meetings and negotiations regarding the promissory note are contacts of sufficient quantity and

8

quality to justify the exercise of jurisdiction under § 302(a)(1). The New York Court of Appeals

has long recognized that such "purposeful acts performed . . . in the State in relation to the

contract, albeit preliminary . . . to its execution," may constitute the transaction of business

within the meaning of § 302(a)(1), *Longines-Wittnauer Watch Co. v. Barnes & Reinecke*, 15

N.Y.2d 443, 457 (1965), particularly where, as here, a defendant has purposefully "sought out

plaintiff in New York and established an ongoing" contractual relationship with him, *Fischbarg*,

9 N.Y.3d at 380-81 (emphasizing defendant's purposeful conduct in "s[eeking] out plaintiff in

New York and establish[ing] an ongoing attorney-client relationship with him" in finding that

there was personal jurisdiction under § 302(a)(1)). *See, e.g., Cybertech Commc'ns Corp. v. Quad*

*Int'l, Inc.*, 691 N.Y.S.2d 460, 461 (1st Dep't 2008) (finding that defendants had "transacted

business" within the meaning of § 302(a)(1) where, among other things, "the parties' agreement

was negotiated to a substantial degree in New York").

     The Court's conclusion that personal jurisdiction is appropriately exercised in this case is

further bolstered by consideration of Defendant's calls and emails into New York in relation to

the note, as well as the fact that the note is payable to Plaintiff in New York. *See* Def. Mem. 3.

These contacts are meaningful to the analysis of Defendant's contacts, notwithstanding the fact

that they might be insufficient to confer jurisdiction on their own. *See First City Federal Sav.*

*Bank v. Dennis*, 680 F. Supp. 579, 586 (S.D.N.Y. 1988) ("Notwithstanding the fact that the place

of payment alone cannot support personal jurisdiction, the designation of New York as the place

of payment is a significant contact.") (citing *Fashion Tanning Co. v. Shutzer Indus., Inc.*, 489

N.Y.S.2d 791 (3d Dep't 1985)). For although "any one of [Defendant's] foregoing activities . . .

in and of itself" might be insufficient to meet the statutory standard, in combination they

establish the transaction of business for purposes of § 302(a)(1).  *Longines-Wittnauer Watch Co.*, 15 N.Y.2d at 458.

### D.  Summary

For the foregoing reasons, the Court finds that jurisdiction over Defendant is proper under § 302(a)(1).  Plaintiff having thus met his burden of establishing that the Court has jurisdiction over Defendant, the motion to dismiss for lack of personal jurisdiction is denied. The Court does not reach additional arguments regarding the propriety of general personal jurisdiction pursuant to CPLR § 301.

### III.    Transfer

The Court turns to consider Defendant's alternative request that the "action . . . be transferred to the New Jersey federal court to be joined with the related action between the parties, pursuant to U.S.C. § 1404(a)."  Def. Mem. 3.  For the reasons that follow, this request too is denied.

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer a civil action to any other district or division where it might have been brought."  Thus, a motion to transfer under § 1404(a) "involves two inquiries": (1) "whether the action could have been brought in the proposed transferee district," and (2) "whether transfer is warranted for the convenience of the parties and witnesses, in the interest of justice."  *CYI, Inc. v. Ja-Ru, Inc.*, 913 F. Supp. 2d 16, 18 (S.D.N.Y. 2012) (citing 28 U.S.C. § 1404(a); *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010); *Herbert v. Elec. Arts, Inc.*, 325 F. Supp. 2d 282, 285 (S.D.N.Y. 2004)).  It is the movant's burden to show that transfer is appropriate by clear and convincing evidence.  *See New York Marine*, 599 F.3d at 113-14.

Defendant has not met this burden.  First, Defendant does not argue that this action "might have been brought" in New Jersey, as required by § 1404(a), but only asserts that "[i]t is clear that the two actions are related," Def. Mem. 5.  Second, Defendant does not even purport to address "whether transfer is warranted for the convenience of parties and witnesses, in the interest of justice."  *See* Def. Mem. 4-5.  In the absence of any evidence or argument showing that transfer is appropriate in this case, Defendant's request is denied.

## IV.   Conclusion

For the foregoing reasons, Defendant's motion to dismiss or transfer is denied.

Plaintiff's action was originally filed in state court as a "motion for summary judgment in lieu of a complaint," under CPLR § 3213.  *See* Dkt. No. 1.  As discussed at the November 8, 2013, initial pretrial conference in this case, the parties are hereby directed to brief a motion for summary judgment according to the following schedule:

>  (1)  Plaintiff's memorandum is due four weeks from the date of this order;

>  (2)  Defendant's opposition, if any, is due two weeks after Plaintiff's memorandum is filed; and

>  (3)  Plaintiff's reply, if any, is due one week after Defendant's opposition is filed.

The parties are further reminded of their obligation to submit to the Court within one week of this order a status letter regarding their related case, 13-cv-7253.

Dated:  September 1__, 2014
        New York, New York

_____
ALISON J. NATHAN
United States District Judge